IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RENARDA N. FINCH,**

                **Petitioner,**

        v.                              CASE NO. 20-3208-SAC

**STATE OF KANSAS,**

                **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and seeks leave to proceed in forma pauperis. The Court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] and will direct petitioner to show cause why this matter should not be dismissed without prejudice.

### Background

Petitioner was convicted on her no contest pleas in the District Court of Sedgwick County and is serving a term of 14 months. She seeks relief on the grounds that she was coerced into signing the plea agreements and that she was not properly advised of the consequences.

Petitioner did not file an appeal, nor has she filed a state post-conviction action. **Discussion**

---

[1] Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition." Habeas Corpus Rule 4.

Before a state prisoner may proceed in federal habeas corpus, the prisoner generally must exhaust state court remedies. This exhaustion requirement provides the state courts "an opportunity to act on [the prisoner's] claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

"Sua sponte consideration of exhaustion of state remedies … is explicitly permitted" when the failure to exhaust such remedies appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). The exhaustion requirement is met when the claims for relief have been presented to the highest state court, either by direct appeal or in a state post-conviction action. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Because it is apparent from the petition that petitioner has not presented her claims to the state courts, and because it appears that state court remedies are available, the Court will direct her to show cause why this matter should not be dismissed to allow her to pursue that relief.

### Order to Show Cause

Because petitioner has not yet sought relief under state court remedies, the Court directs her to show cause on or before **August 21, 2020,** why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **August 21, 2020,** to show cause why this matter should

not be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 5th day of August, 2020, at Topeka, Kansas.

                                      S/ Sam A. Crow

                                      SAM A. CROW
                                      U.S. Senior District Judge